# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH FACEBOOK ACCOUNT NUMBERS 100089902800291, 100011323315397, 100074648132807, 100000627115501, 100081789900441, 100044671533775, 100033525200384 THAT ARE STORED AT PREMISES CONTROLLED BY META | No. 1:24-mc-00137-LEW<br><br>**FILED UNDER SEAL** |

### APPLICATION FOR ORDER COMMANDING META PLATFORMS, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SEARCH WARRANT AND REQUEST TO SEAL

The United States requests that the Court order Meta Platforms, Inc. aka Meta, Inc. ("Meta") not to notify any person (including the subscribers and customers of the accounts listed in the search warrant for certain Facebook accounts in 1:24-mj-00091-LEW of the existence of that warrant for 180 days from the date of this Order, until September 21, 2024.

Meta is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the above-referenced warrant, which requires Meta to disclose certain records and information to the DEA. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the above-referenced search warrant relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the

ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the above-referenced search warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving the target the opportunity to destroy or tamper with evidence, change patterns of behavior or flee prosecution.  *See* 18 U.S.C. § 2705(b)(2), (3), (5). Much of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, targets could destroy that evidence, including information saved to personal computers, other electronic devices, or cloud storage.

For these reasons, the United States respectfully requests that the Court enter an appropriate Order directing Meta not to disclose the existence or content of the search warrant for 180 days from the date of the Order, except that Meta may disclose the above-referenced search warrant to an attorney for Meta for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed for a period of approximately 180 days, until September 21, 2024. As noted above, these documents relate to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and the disclosure of these documents could alert the target to the ongoing investigation. Good cause exists to seal these documents because their premature disclosure may jeopardize that investigation.

Dated: March 25, 2024	DARCIE N. MCELWEE
UNITED STATES ATTORNEY

*/s/ Ethan Plaut*
Ethan R. Plaut
Assistant United States Attorney
202 Harlow St.
Bangor, ME 04401
(207) 945-0373
Ethan.Plaut@usdoj.gov